JUSTICE COTTER
concurs.
¶18 I concur in the Court’s decision to reverse and remand with instructions to grant Valdez-Mendoza’s motion to withdraw his plea of guilty. However, I would premise the reversal upon a combination of counsel’s failure to adequately investigate the case and secure the testimony of witnesses, and her advice to him that he could not secure a fair trial.
¶19 The Court correctly notes that Valdez-Mendoza’s motion to withdraw his guilty plea did not contain allegations that counsel rendered ineffective assistance by failing to adequately investigate the case and secure the testimony of exculpatory witnesses. However, this argument was front and center at the hearing on the motion, and both parties address the issue on appeal. I have therefore considered the argument and factored it into my decision to reverse.
¶20 Valdez-Mendoza has always maintained his innocence, claiming that he and the victim had had an ongoing relationship and that the sex between them was consensual. He asked his counsel-while he sat in jail-to interview other witnesses who were on the scene the night of the party where the rape allegedly occurred, as he believed they would contradict the victim’s story. At the hearing, new counsel for Valdez-Mendoza examined his former attorney regarding her investigation. She conceded that she did not interview any witnesses other than the victim and her mother, despite the fact that the deputy who investigated the alleged rape was told by both the victim’s mother and the victim’s sister that they did not believe the victim was actually raped. Moreover, counsel conceded she did not even review the prosecutor’s file until five months after Valdez-Mendoza was charged, and by the time she did so, the witnesses had left Roundup. It is also notable that counsel testified at the hearing that she believed the sex had actually been consensual, and that Valdez-Mendoza had “a pretty strong defense case.” Yet, she actively encouraged him to plead guilty on the premise he would not get a fair trial. It is this combination of factors-and the case of Thomas v. Lockhart, 738 F.2d 304 (8th Cir. 1984)-that convinces me of the correctness of the Court’s decision to reverse.
*509 ¶21 In Thomas, the Court of Appeals upheld a district court decision to grant Thomas’s petition for a writ of habeas corpus. Thomas, a black man, had been accused of raping a white woman. His attorney, without performing any investigation, told Thomas he had to plead guilty due to the racial overtones of the case. Thomas did so and later sought habeas relief, contending his guilty plea was not voluntary. In upholding the district court, the court on appeal observed that even though Thomas maintained his innocence and supplied his lawyer with the names of alibi witnesses, his lawyer made no attempt to contact them, nor did counsel advise Thomas of the presumption of innocence and the state’s burden of proof. He simply told him that a jury would not believe a black man’s testimony over that of a white woman. These facts, and others, convinced the court that such acts and omissions on the part of counsel prevented Thomas from entering a knowing, voluntary and intelligent plea. Thomas, 738 F.2d at 307. Valdez-Mendoza argues that this case is on point, and the State wholly fails to address or refute his argument. I agree with Valdez-Mendoza. Counsel’s failure to investigate a “pretty strong defense case,” when combined with counsel’s strong suggestion that Valdez-Mendoza should plead guilty because he would not be believed, prevented Valdez-Mendoza from entering a knowing, voluntary and intelligent guilty plea.
¶22 For the foregoing reasons, I concur in the Court’s Opinion.